IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

IRA HAROLD WEXLER,

    Plaintiff,

v.                                                     CASE NO. 1:17-cv-292-MW-GRJ

STATE OF FLORIDA, et al.,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff initiated this case by filing a *pro se* civil rights complaint pursuant to 42 U.S.C § 1983 and a motion for leave to proceed as a pauper. ECF Nos. 1, 2. A review of the complaint discloses that the facts and claims are identical to those in the complaint currently pending before this Court in *Wexler v. State of Florida*, Case No. 1:17-cv-284-MW-CAS.[1] In that case, the Court has directed Plaintiff to file an amended civil rights complaint and an amended motion to proceed *in forma pauperis*. (*See*

---

[1] The only difference between the complaints is that in Section I of the Court-approved form, this complaint includes only Sadie Darnell as a named Defendant, and Section I of the complaint in Case No. 1:17-cv-284-MW-CAS includes Sadie Darnell, the undersigned, Rachel Roy, Pamela Brockway, J. Michael Traynor, and Chris Jordan. In addition, Plaintiff previously filed another case that is duplicative of Case No. 1:17-cv-284-MW-CAS. *See Wexler v. State,* case No. 1:17-cv-289-MW-GRJ. The undersigned has recommended dismissal of that case as well. *Id.,* ECF No. 4.

ECF No. 9 in Case No. 1:17-cv-284-MW-CAS.)

"As part of its general power to administer its docket, a district court my stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank,* 226 F.3d 133, 138 (2d Cir. 2000). Furthermore, in the federal court system, "the general principle is to avoid duplicative litigation." *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976). "[T]he general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." *I.A. Durbin, Inc. v. Jefferson Nat'l Bank,* 793 F. 2d 1541, 1551 (11th Cir. 1986). "[S]imple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis,* 226 F.3d at 138–139.

Plaintiff is proceeding in two cases that name Sadie Darnell and include identical facts and claims. This second case should be dismissed as duplicative, pursuant to the Court's general power in managing its docket. *See also* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.,* 370 U.S. 626, 629-32 (1961).

Accordingly, it is respectfully **RECOMMENDED** that:

1. This case should be **DISMISSED** as duplicative.

2. All pending motions should be **DENIED as moot**.

3. Plaintiff is advised that his case will proceed under Case No. 1:17-cv-284-MW-CAS, and he currently has until December 18, 2017, to amend his complaint and his motion for leave to proceed as a pauper. Nothing in this report and recommendation or any order adopting the report and recommendation changes Plaintiff's obligations in Case No. 1:17-cv-284-MW-CAS.

**IN CHAMBERS** this 11th day of December 2018.

    *s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.